IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA VARGAS ESPINOZA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 23-1256-JWB-BGS ) |
| RACHEL NORMA c/o PANERA BREAD CO., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND SHOW CAUSE ORDER**

In conjunction with her federal court Complaint (Doc. 1) alleging employment discrimination, Plaintiff Teresa Vargas Espinoza has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **ORDERS** Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action and/or because Plaintiff has failed to exhaust her administrative remedies.

**A.     Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408

1

F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in her Motion and Affidavit of Financial Status, the Court finds that Plaintiff has shown an inability to pay the filing fee. Thus, the Court **GRANTS** her motion to proceed without prepayment of fees (Doc. 3). Based on the remainder of this Order, however, the Clerk is <u>not</u> directed to issue summons for service upon the Defendant at this time.

**B.     Sufficiency of Complaint and Show Cause Order.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the

Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so

3

because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The Form Complaint submitted by Plaintiff actually consists of <u>two</u> form Complaints. The first is the form Employment Discrimination Complaint, in which she indicates a violation of her civil rights under Title VII on the basis of her national origin (which she indicates as "Mexico"). (Doc. 1, at 1-5.) Therein, she indicates her employment was terminated and the terms and conditions of her employment were different than those of similar employees. (*Id.*, at 3.) The other is the form Civil Complaint, in which she indicates she was forced to work with no pay, sustained "mistreatment/discrimination (undue duress)," and "increased work duties for same pay, forced to finish work with no extra pay." (*Id.*, at 6-11.)

The Court has concerns as to the dearth of facts Plaintiff included in her Complaint. For instance, other than naming the Defendant in the caption, there is no specific reference to the Defendant factually in the Complaint. (*See generally id.*) The Court will surmise for purposes of this Order, however, that the named Defendant is the offending supervisor Plaintiff references in her limited factual allegations.

Further, although the Complaint contains references to her supervisor "mak[ing her] do more work outside [her] working hours," being "forced to clean restrooms, outside [her] working hours with no pay," and "increased work duties" (*id.*, at 3, 9), there is no indication of **when** these events allegedly occurred. She also does not provide the date of the termination of her employment. (*See generally id.*) This lack of information implicates statute of limitations issues that may be fatal to Plaintiff's claims.

On a related note, Plaintiff specifically indicates that she has not filed an administrative charge of discrimination, but states that she "will present EEOC discrimination claim." (*Id.*, at 2, 10.) It is well-established in this District that prior to filing a federal court employment discrimination lawsuit, a plaintiff must exhaust his or her administrative remedies by presenting the claims to the U.S. Equal Employment Opportunity Commission or the Kansas Human Rights Commission and receiving a right-to-sue letter based on that charge.[1] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181, 1185 (10th Cir. 2018). In Kansas, a plaintiff must file an administrative charge within 300 days of the alleged discriminatory action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Johnson v. Cherokee County Board of County Commissioners*, No. 17-2644-JAR, 2020 WL 1320720, *8 (D. Kan. March 20, 2020) (citation omitted).

That stated, "the filing of an EEOC charge [as] a jurisdictional prerequisite to suit is no longer correct." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018); *see also Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). In other words, the failure to file an administrative charge of discrimination is no longer fatal to bringing an employment discrimination or harassment lawsuit in federal court. Rather, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to

---

[1] The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b).

exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln*, 900 F.3d at 1185.

In other words, even though Plaintiff has not filed an administrative charge of discrimination against Defendant, the District Court still has jurisdiction over Plaintiff's claims. That stated, claims against the Defendant are likely to be dismissed as futile once Defendant raises the defense, in a motion to dismiss, that Plaintiff failed to file an administrative charge of discrimination against her. *See Ayesh v. Butler Co. Sheriff's Office*, No. 19-1183-EFM-KGG, 2019 WL 6700337, at \*2 (D. Kan. Dec. 9, 2019). Plaintiff's potential claims are subject to dismissal for failure to exhaust administrative remedies absent Plaintiff establishing waiver, estoppel, and/or equitable tolling of the deadline to file an administrative charge against Defendant. *Ayesh*, 2019 WL 6700337, at \*2, at n.10. *See also Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (citations omitted). Nothing in Plaintiff's Complaint (Doc. 1) or the motions she has filed (Docs. 3, 4) would establish the applicability of any of these circumstances as to her proposed claims against Defendant.

Under these circumstances, the undersigned finds that Plaintiff has not alleged in her Complaint (Doc. 1) sufficient facts to allow the Court to determine when the alleged employment discrimination and/or wage claim occurred, and that she has admittedly failed to exhaust her administrative remedies by filing a charge of discrimination with the EEOC or KHRC and receiving a right-to-sue letter.

As such, the undersigned Magistrate Judge directs Plaintiff to either **show cause in writing** or file an Amended Complaint **within thirty (30) days of the receipt of this Order** to address the deficiencies enumerated herein. Thereafter, the undersigned Magistrate Judge will review Plaintiff's supplement to determine whether to **recommend** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action and/or failure to exhaust her administrative remedies pursuant to federal law.

6

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff **show cause in writing** why the undersigned Magistrate Judge should not **recommend** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** or file an Amended Complaint to address the deficiencies enumerated herein. Plaintiff must do so **within thirty (30) days of the receipt of this Order**.

IT IS THEREFORE ORDERED that a copy of this Order shall be sent to Plaintiff via certified mail.

IT IS FURTHER ORDERED that the Clerk <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 4th day of December, 2023.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge