UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA VARGAS ESPINOZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-1256-JWB-BGS |
| ) | |
| RACHEL NORMA c/o PANERA BREAD CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT & RECOMMENDTION OF DISMISSAL
FOR FAILURE TO RESPOND TO ORDER TO SHOW CAUSE**

In conjunction with her federal court Complaint (Doc. 1) alleging employment discrimination, Plaintiff Teresa Vargas Espinoza also filed a Motion to Proceed Without Prepaying Fees ("*IFP* application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). On December 4, 2023, after review of Plaintiff's motion, as well as the Complaint, the Court granted Plaintiff's *IFP* application but ordered her to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action and/or because Plaintiff has failed to exhaust her administrative remedies. (Doc. 5.)

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language

contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be

enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if a court finds that she has failed to state a claim upon which relief may be granted, that court is compelled to recommend that the action be dismissed.

The Court expressed concerns as to the dearth of facts Plaintiff included in her Complaint. (Doc. 5, at 4-5.) For instance, other than naming the Defendant in the caption, there is no specific reference to the Defendant factually in the Complaint. (*See generally* Doc. 1.) For purposes of the Show Cause Order, the Court surmised, however, that the named Defendant is the offending supervisor referenced in Plaintiff's limited factual allegations. (Doc. 5, at 4.)

The Court also expressed concerns that although the Complaint contains references to the improper work Plaintiff's supervisor allegedly required her to do (Doc. 1, at 3, 9), there is no

3

indication in the Complaint as to **when** these events allegedly occurred. (Doc. 5, at 5.) Further, it was noted that Plaintiff failed to provide the date of the termination of her employment. (*See generally* Doc. 1.) Plaintiff was warned that this lack of information implicates statute of limitations issues which may be fatal to Plaintiff's claims. (Doc. 5, at 5.)

The Court also addressed the fact that Plaintiff had not filed an administrative charge of discrimination, although she stated that she "will present EEOC discrimination claim." (Doc. 1, at 2, 10.) The Court informed Plaintiff that claims against the Defendant are likely to be dismissed as futile once Defendant raises the defense, in a motion to dismiss, that Plaintiff failed to file an administrative charge of discrimination against her. (Doc. 5, at 5-6 (citing *Ayesh v. Butler Co. Sheriff's Office*, No. 19-1183-EFM-KGG, 2019 WL 6700337, at *2 (D. Kan. Dec. 9, 2019).) Plaintiff was informed that her potential claims are subject to dismissal for failure to exhaust administrative remedies absent Plaintiff establishing waiver, estoppel, and/or equitable tolling of the deadline to file an administrative charge against Defendant. (*Id.* (citing *Ayesh*, 2019 WL 6700337, at *2, at n.10. *See also Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (citations omitted)).)

The undersigned Magistrate Judge concluded that Plaintiff's Complaint (Doc. 1) failed to allege sufficient facts to allow the Court to determine when the alleged employment discrimination and/or wage claim occurred, and that she has admittedly failed to exhaust her administrative remedies by filing a charge of discrimination with the EEOC or KHRC and receiving a right-to-sue letter. (Doc. 5, at 6.) Plaintiff was then directed to either **show cause in writing** or file an Amended Complaint **within thirty (30) days of the receipt of this Order** to address the deficiencies enumerated herein. Plaintiff received the Show Cause Order on December 9, 2023. (Docs. 7, 8.) To date, however, Plaintiff has failed to respond to the Show Cause Order nor has she filed an amended pleading.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's claims (Doc. 1) be **DISMISSED** in their entirety for failure to state a viable cause of action under federal law and/or failure to exhaust her administrative remedies pursuant to federal law.  The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated January 17, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge