IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA VARGAS ESPINOZA,

        Plaintiff,

v.                                                                                     Case No. 23-1256-JWB

RACHEL NORMA *ex rel.* PANERA BREAD CO.,

        Defendant.

### MEMORANDUM AND ORDER

This matter is before the court on a January 17, 2024 Report and Recommendation ("R&R") by Magistrate Judge Brooks G. Severson recommending dismissal of Plaintiff's pro se complaint for failure to state a claim upon which relief can be granted and a failure to exhaust her administrative remedies. (Doc. 9.) The R&R was sent to Plaintiff by regular mail, and Plaintiff received it on January 20, 2024. (Doc. 10.) She had 14 days from receipt of the R&R to file written objections to it, and if she did not timely file any objections, no court would allow appellate review of the recommended disposition. (Doc. 9 at 5.) Almost two months have passed since Plaintiff received the R&R, and she has filed no objections to it.

Plaintiff's failure to timely object to any portion of the R&R leaves her with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...'") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

1

(citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

The court agrees with Judge Severson's analysis concluding that the complaint fails to state a valid claim upon which relief can be granted. The court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")  The court accordingly adopts the recommendation in the R&R to dismiss the complaint.

**Conclusion**

The court ADOPTS the Magistrate Judge's R&R (Doc. 9) as the findings and conclusions of this court. Plaintiff's complaint (Doc. 1) is hereby DISMISSED for failure to state a claim upon which relief can be granted and for failure to exhaust administrative remedies.

IT IS SO ORDERED.  Dated this 22nd day of March, 2024.

s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE